*CJ-2022-1431*
*Bonner*

IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

*105 2025 474*

| | | |
|---|---|---|
| RODERICK V. HINTON,<br>an individual, | ) ) ) ) | |
| Plaintiff, | ) ) | **CJ - 2022 - 1431** |
| v. | ) ) | Case No. |
| SOUTHWEST AIRLINES CO., | ) ) ) ) ) ) | FILED IN DISTRICT COURT<br>OKLAHOMA COUNTY<br>**ATTORNEY LIEN CLAIMED,**<br>**JURY TRIAL DEMANDED!** MAR 2 9 2022 |
| Defendant. | ) | RICK WARREN<br>126 COURT CLERK |

## PETITION

COMES NOW, the Plaintiff, Roderick Hinton, by for his causes of action against

the Defendant, Southwest Airlines Co. and states the following:

### I.
### PARTIES

1.      Plaintiff, Roderick V. Hinton ("**Plaintiff**"), is an individual who resides in

Oklahoma County, Oklahoma.

2.      Defendant, Southwest Airlines, Co. ("**Defendant**"), is a foreign for profit

corporation, that conducts business in the state of Oklahoma.

### II.
### JURISDICTION AND VENUE

3.      All damages arising from the cause of actions were sustained in Oklahoma

County.

4.      This Court has jurisdiction over the subject matter and the parties.

5.      Oklahoma County is the proper Venue pursuant to OKLA. STAT. tit. 12, §

114

### III.

PETITION
Page 1 of 5

EXHIBIT 1

## FACTUAL ALLEGATIONS

6.     On or about January 24, 2021, Plaintiff was a revenue passenger on Southwest Flight No. 2994 departing out of Phoenix, Arizona at 8:05 p.m. and landing in Oklahoma City, Oklahoma at 11:05 p.m.

7.     Plaintiff boarded the plane and was seated on a row by himself. The flight attendants performed their final seat belt checks, and the plane departed out of Phoenix to travel to Oklahoma City.

8.     After the plane reached optimum altitude, the captain informed the flight that it was now safe to move about the cabin.

9.     Upon hearing that announcement from the captain, the Plaintiff got comfortable and began to sleep.

10.     The weather that evening in Oklahoma City called for severe thunderstorms capable of producing damaging wind gusts up to 60 miles per hour and large half dollar to golf ball sized hail.

11.     As we approached Oklahoma City, Southwest Flight No. 2994 encountered heavy turbulence. Plaintiff was awakened from his sleep by the heavy turbulence, in a split second the plane dropped on the Plaintiff's head, causing Plaintiff to suffer an injury to their cervical spinal column with the fracture of Plaintiff's C4 vertebrae.

12.     Plaintiff sat in excruciating pain for the final 30 minutes of the flight, and at no time was checked on by the cabin crew.

13.     Upon landing Plaintiff notified the cabin crew of his injuries. Airport medical personnel attended to the Plaintiff, and Plaintiff was wheel chaired off the plane and immediately transported to Mercy Hospital.

## FIRST CAUSE OF ACTION – NEGLIGENCE

Plaintiff hereby adopts, incorporates by reference, and realleges the allegations in paragraphs 1 through 13 above as if fully set for the herein.

14.     As a common carrier, the law imposes a heightened duty of care on the Defendant.

15.     Airlines and other common carriers must act with a high degree of care and use the vigilance of a very cautious person in order to protect passengers from potential harm.

16.     Defendant knew of the inclement weather before the flight and chose to put passengers at risk by continuing its flight schedule, putting profits over the safety of the Plaintiff.

17.     Defendant failed to properly train and/or implement policies and procedures to properly protect all passengers from turbulence related injuries.

18.     Defendant failed to properly inspect all seatbelts on the aircraft.

19.     Defendant knew that the Plaintiff was asleep on the flight and failed to properly warn the Plaintiff of impending life threatening danger.

20.     Defendant had a duty to exercise a heightened duty of care to the Plaintiff while operating the aircraft on the date of the aforementioned incident.

21.     Defendant negligently, intentionally, recklessly, and/or willfully operated the aircraft in a manner that was a foreseeable risk of harm. Because Defendant failed to exercise such duty, Defendant negligently injured Plaintiff.

22.     Defendant's breach of said duty was the actual and proximate cause of the damages sustained by Plaintiff.

23.     As a direct result of Defendant's conduct, Plaintiff was injured and is seeking judgment against Defendant for physical pain and suffering (past and future) mental pain and suffering (past and future), permanent injury, medical expenses (past and future), emotional distress (past and future), and lost wages.

24.     Plaintiff did nothing to contribute to this injury and is fault free.

25.     There is clear and convincing evidence that Defendant's conduct was in reckless disregard of Plaintiff's rights and Defendant was either aware or did not care that there was a substantial and unnecessary risk that Defendant's conduct would cause serious injury to others.

26.     Furthermore, Defendant's conduct was unreasonable under the circumstances, and there was a high probability that Defendant's conduct would cause serious harm to others, and therefore, Plaintiff is entitled to punitive damages.

## V.
## CONCLUSION

WHEREFORE, Plaintiff prays for actual and punitive damages in an amount greater than $75,000.00 against Defendant for each of the Plaintiff's claims to be determined at trial, interest allowed by law, costs of suit including reasonable attorneys' fees and costs, and for other such relief this Court deems just.

Respectfully Submitted,

Roderick V. Hinton OBA #32425
HINTON LEGAL GROUP, PLLC
8051 N. Classen Blvd., #F
Oklahoma City, OK 73114
Telephone: (405) 474-5919
Facsimile:(405) 416-5492
Email: rhinton@hintongroup.biz
*ATTORNEY FOR PLAINTIFF*

*JURY TRIAL DEMANDED!*
*ATTORNEY LIEN CLAIMED!*